TERRY E. READY, Special Adm'r of the Estate of Michael P. Ready, Deceased, Plaintiff-Appellee, v. UNITED/GOEDECKE SERVICES, INC., Defendant-Appellant and Counterplaintiff (BMW Constructors, Inc., *et al.*, Defendants; Midwest Generation EME, L.L.C., *et al.*, Counterdefendants).

First District (2nd Division)   No. 1—04—1762

Opinion filed June 30, 2009.

Clausen Miller, P.C., of Chicago (Edward M. Kay, Barbara I. Michaelides, Paula M. Carstensen, and Paul V. Esposito, of counsel), for appellant.

Power Rogers & Smith, P.C., of Chicago (Joseph A. Power, Jr., and Devon C. Bruce, of counsel), for appellee.

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

This cause has been remanded to this court for a ruling on whether defendant United/Goedecke Services, Inc. (United), was deprived of presenting a sole proximate cause defense. For the following reasons, we reverse and remand for a new trial.

We note that the facts in this case are fully set forth in the supreme court's modified opinion, so we briefly set forth only those facts relevant to the issue on remand.[1] Plaintiff, Terry E. Ready, special administrator of the estate of Michael P. Ready (Ready), sued defendants United/Goedecke Services, Inc., BMW Constructors, Inc. (BMW), and Midwest Generation EME, L.L.C. (Midwest), as a result of an accident in which Ready was killed. Ready's accident occurred at Midwest's factory in Joliet, Illinois. Ready was a mechanic employed by Midwest Generation, L.L.C., whose parent company was defendant Midwest. Ready was working on a pipe-refitting project at the factory. As part of the project, scaffolding material had to be raised from the ground floor to the eighth floor, where a scaffold would be assembled so that the pipe-refitting work could be performed. Midwest hired BMW as the general contractor for the project and BMW hired United as the scaffolding subcontractor to erect the scaffolding. Ready was killed when one of the beams that was to be used for scaffolding fell eight stories and struck him.

Plaintiff settled her claims prior to trial with defendants Midwest and BMW. United did not object to the settlements and the circuit court found they were made in good faith. The jury returned a verdict for plaintiff in the amount of $14,230,000. It assessed Ready's contributory negligence at 35%, which reduced the judgment to $9,250,000. The circuit court allowed a setoff of approximately $1,112,502, which was the total amount paid to plaintiff by the settling defendants.

On remand, we address United's contention that it was deprived of a sole proximate cause defense when the circuit court excluded evidence of the conduct of defendants Midwest and BMW, and also refused United's jury instruction on sole proximate cause.[2]

---

[1]See *Ready v. United Goedecke Services, Inc.*, 232 Ill. 2d 369 (2009).

[2]We note that the supreme court's opinion framed the issue that we should address on remand as "United's concern that it was deprived of a sole proximate cause defense when the trial court refused its request for an instruction on sole proximate cause." *Ready*, 232 Ill. 2d at 385. After reviewing the briefs submitted to this court in the original appeal, it is abundantly clear that

## Conduct of Settling Defendants

Prior to trial, plaintiff filed several motions *in limine* seeking to bar the introduction of any evidence at trial relating to the conduct of Midwest and BMW. The circuit court granted the motions, finding that any evidence relating to Midwest and BMW was irrelevant because they had settled with plaintiff prior to trial.

The trial court's ruling on evidentiary motions such as motions *in limine* are left to the court's discretion and will not be disturbed on appeal absent an abuse of that discretion. *In re Leona W.*, 228 Ill. 2d 439, 460 (2008).

Our supreme court's recent opinion in *Nolan v. Weil-McLain*, 233 Ill. 2d 416 (2009), is instructive. In *Nolan*, the plaintiff sued numerous corporations alleging that the decedent developed an asbestos-related disease after being negligently exposed to the defendants' asbestos-containing products during his 38-year career. All the defendants except Weil-McLain settled with plaintiff prior to trial. Weil-McLain filed a motion *in limine* to present evidence at trial that the sole proximate cause of the decedent's death was his exposure to asbestos-containing products of nonparty entities. The trial court denied the motion, barring Weil-McLain from introducing evidence of decedent's other asbestos exposures. The supreme court reversed and remanded for a new trial, holding that Weil-McLain should have been permitted to present evidence to establish that the conduct of another entity was the sole proximate cause of the decedent's injury. *Nolan*, 233 Ill. 2d at 444-45. The court found that it was error to exclude the evidence when proximate cause was disputed and the defendant pursued a sole proximate cause defense, following its prior decision in *Leondardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 93 (1995). *Nolan*, 233 Ill. 2d at 442. The court additionally noted that there was no special exception for certain types of tort cases, such as medical malpractice or asbestos-injury cases, and that the general principles of tort law set forth in those cases were universally applicable to all tort actions. *Nolan*, 233 Ill. 2d at 444.

In *Leonardi*, the plaintiff's decedent suffered irreversible brain damage shortly after giving birth and died several years later. The plaintiff filed a lawsuit against the hospital where she received treatment and against several physicians. The plaintiff settled with one

---

United's sole proximate cause defense argument had two components: the circuit court's exclusion of evidence regarding the conduct of the settling defendants, and the circuit court's refusal to instruct the jury on sole proximate cause. Therefore, we address both of United's arguments regarding its sole proximate cause defense.

defendant, Dr. Tierney, prior to trial and he was dismissed from the suit. Before trial, the plaintiff filed a motion *in limine* seeking to bar evidence regarding the alleged negligence of any person other than the named defendants. The trial court denied the motion and at trial allowed the defendants to question several witnesses regarding Dr. Tierney's duties and responsibilities as decedent's attending physician. The jury returned a verdict for defendants. On appeal, the plaintiff argued that the court's denial of its motion *in limine* was erroneous because evidence of Dr. Tierney's conduct was irrelevant and, therefore, inadmissible. The supreme court found the trial court's order proper because the defense theory at trial was that Dr. Tierney was the sole proximate cause of decedent's injuries and the defendants denied that they were even partly a proximate cause of the decedent's injuries. *Leonardi*, 168 Ill. 2d at 93. The court further stated that "an answer which denies that an injury was the result of or caused by the defendant's conduct is sufficient to permit the defendant in support of his position to present evidence that the injury was the result of another cause." *Leonardi*, 168 Ill. 2d at 94. The court also stated that the sole proximate cause defense merely focuses the attention of a properly instructed jury on the plaintiff's duty to prove that the defendant's conduct was a proximate cause of the plaintiff's injury. *Leonardi*, 168 Ill. 2d at 94.

Here, pursuant to the supreme court's decisions in *Nolan* and *Leonardi*, we find that the circuit court should not have excluded evidence of Midwest and BMW's conduct. It was an abuse of discretion for the court to grant plaintiff's motions *in limine* as to that issue. As the court stated in *Leonardi*, an answer that is a general denial that an injury was the result of or caused by the defendant's conduct is sufficient to permit the defendant, in support of its position, to present evidence that the injury was the result of another cause. United's denial of liability was sufficient to permit it to present evidence that Ready's death was the result of another entity's conduct.

Further, we find that the error was not harmless. United notes in its brief that if it had been able to present evidence of Midwest and BMW's conduct, then the jury could have ultimately found in favor of United. With respect to Midwest's conduct, United notes that the evidence would have shown that Midwest was in charge of operating the tugger and deciding how the signaling would be done. The jury could have also heard that Midwest's workers failed to barricade off the tugger bay where Ready was struck by the beam. With respect to BMW's conduct, United notes that the evidence would have shown that BMW should have provided a crane to lift the beams outside the factory as required by the contract and discussed in the pre-bid meet-

ing. We agree that had the jury heard the "whole story," its verdict may have been different.

Because we have determined that a new trial is in order, we need not address United's contention that the circuit court erred when it refused United's jury instruction on sole proximate cause. Nevertheless, to the extent that this issue may again occur on retrial, we direct the circuit court that a determination regarding the instruction given will depend upon the evidence adduced at retrial. See *Leonardi*, 168 Ill. 2d at 100 (a litigant has the right to have the jury clearly and fairly instructed upon each theory that was supported by the evidence).

Accordingly, we reverse and remand the cause for a new trial.

Reversed and remanded.

HOFFMAN and THEIS, JJ., concur.